### MICHAEL J. JARRETT *v.* COMMISSIONER OF CORRECTION
### (AC 28297)

DiPentima, McLachlan and Lavine, Js.

---

Submitted on briefs January 4—officially released March 11, 2008

*Michael Oh*, special public defender, filed a brief for the appellant (petitioner).

*Gail P. Hardy*, state's attorney, *James A. Killen*, senior assistant state's attorney, and *John Dropick*, former assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

McLACHLAN, J. The petitioner, Michael J. Jarrett, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. This appeal comes to us some twelve years after the habeas court denied the petitioner's first petition for a writ of habeas corpus. Although the court certified the appeal, none was filed. The petitioner, in his second petition for a writ of habeas corpus, claimed ineffective assistance of counsel for failure to prosecute the appeal. In that habeas proceeding, his appellate rights were reinstated, and, thus, this appeal is from his first habeas proceeding. The petitioner claims on appeal that the habeas

court improperly sustained the objection by the respondent, the commissioner of correction (commissioner), to the introduction of evidence in support of his claim of an unconstitutional appellate delay. We affirm the judgment of the habeas court.

The underlying facts and procedural history are not in dispute. The petitioner was charged with the crime of murder, pursuant to General Statutes § 53a-54a (a), for an incident that occurred on September 6, 1983. The petitioner and his girlfriend had entered into a suicide pact, and in accordance with this pact he fatally stabbed her and then stabbed himself.[1] On October 19, 1985, the petitioner was found guilty of murder by a three judge panel, and on January 31, 1986, he was sentenced to a fifty year term of imprisonment. More than four years later, on July 12, 1990, the petitioner filed an appeal. On May 21, 1991, the Supreme Court affirmed his conviction. See *State* v. *Jarrett*, 218 Conn. 766, 591 A.2d 1225 (1991).

The petitioner filed, pro se, his petition for a writ of habeas corpus on February 3, 1995, and then obtained counsel, who amended his petition on June 10, 1996. The habeas hearing occurred on June 14, 1996. The two count petition claimed that (1) trial counsel was ineffective because he was unable to communicate

---

[1] "The [petitioner] and the victim became romantically involved after the victim began babysitting for the [petitioner's] son. Because of a substantial age disparity between the [petitioner], who was in his thirties, and his teenage victim, the victim's mother filed a complaint that led to the [petitioner's] conviction of risk of injury to a child, for which he received a suspended sentence conditioned on his not seeing the victim. Distressed by the efforts to enforce their separation, which the [petitioner] and the victim knowingly tried to circumvent, they entered into a suicide pact. Each of them alluded to their plan of action in conversations with a mutual friend . . . .

"On September 6, 1983, in a park in Manchester, the [petitioner] killed the victim stabbing her twice with his knife, and stabbed her once more after her death. Although he thereafter also stabbed himself, his three self-inflicted lacerations proved not to be fatal." *State* v. *Jarrett*, 218 Conn. 766, 767–68, 591 A.2d 1225 (1991).

effectively with the petitioner and improperly advised him to not testify at trial, and (2) the four years between the conviction and the time it took the public defender's office to file the appeal was an unconstitutional delay, which he would not have suffered if he had been represented by private counsel. The habeas court, *W. Sullivan, J.,* denied the petition on June 25, 1996. The court analyzed both of the petitioner's counts as ineffective assistance of counsel claims. With respect to both claims, the court concluded that the petitioner had failed to meet his burden under *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). On July 16, 1996, the court granted the petition for certification to appeal. The petitioner's counsel failed to file a timely appeal. Now, on appeal, the petitioner's only claim is that the habeas court should have permitted him to introduce evidence in support of his claim of appellate delay.

Although we typically review evidentiary determinations under an abuse of discretion standard, "[w]hen the issue is appellate delay, which invokes the constitutional guaranties of due process and equal protection," plenary review is appropriate. *Gaines* v. *Manson,* 194 Conn. 510, 517, 481 A.2d 1084 (1984). Thus, in the present case our review is plenary.

The petitioner asserts that, during the habeas trial, when his counsel "began to elicit testimony regarding the appellate delay, the commissioner objected on the grounds that the petitioner suffered no prejudice with respect to his appeal, since the appeal was ultimately filed and decided . . . ."[2] The commissioner objected

---

[2] In asserting his argument, the petitioner makes two claims. First, he claims that the court failed to balance the four factors set out in *Barker* v. *Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), which our Supreme Court has applied to claims of appellate delay. The petitioner claims that the court focused solely on the prejudice factor and did not consider the other factors. Second, the petitioner claims that the court improperly required a showing that the delay was prejudicial to him. Because the issues are interrelated, we will treat both claims together.

to the attempt of the petitioner's counsel to offer evidence concerning appellate delay, and the court sustained the objection, finding that there was no prejudice. The petitioner argues that the habeas court, in reaching this conclusion, did not engage in the proper balancing of all of the factors articulated in *Barker* v. *Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972): (1) the length of delay; (2) the reason or justification for delay; (3) the petitioner's assertion of his right; and (4) any prejudice resulting from the delay. Id., 530. Instead, the habeas court dismissed the first three factors and focused solely on the fourth factor: prejudice. Particularly, the petitioner claims that the court made "a decision on the petitioner's appellate delay claim having considered only one of the four *Barker* factors before evidence was introduced on all the factors, and then the court precluded that evidence from being introduced."

The petitioner relies on *Gaines* v. *Manson*, supra, 194 Conn. 510, to provide support for his claim that

---

The transcript reflects the following exchange:

"[The Respondent's Counsel]: He isn't going to receive any relief through this particular claim because he had a full appeal. He isn't claiming his appeal rights vanished somewhere or his appeal wasn't proceeded on through neglect or unconcern or perhaps miscommunication. He had a full appeal; he's not going to be able to show any prejudice to that claim.

"[The Petitioner's Counsel]: Only—only—I agree that there are—there is a certain problem with that. The basic claim would ultimately be our ability to come here to habeas corpus relief, which, because we were required to exhaust appellate remedies for matters which appear of record, that that took some five years after the—the trial itself. . . . Again, I'm not saying that he was deprived of appellate rights; it's perfectly true that that did happen. The question is, how did we get thirteen years after the incident and eleven years after the trial to have only had the one appeal? That's what we're here now on. . . .

"The Court: If his appeal had been overturned, you might have a point, but it wasn't. His appeal was affirmed according to your amended petition.

"[The Petitioner's Counsel]: That's correct.

"The Court: So, I don't care if he took it fifty years after; it was affirmed, it wouldn't have changed. He wasn't prejudiced by the lateness of the appeal; he'd still be in jail. He is in jail."

he should have been permitted to offer evidence of appellate delay because the delay itself is prejudicial. In *Gaines*, seven criminal defendants sought a writ of habeas corpus, alleging that their continued incarceration was illegal because the still pending appeals of their state court convictions had been "unreasonably and unjustifiable delayed . . . ." Id., 512. *Gaines* and the present case are distinguishable. Here, the petitioner's direct appeal has been decided and his conviction was affirmed, unlike the situation with the petitioners in *Gaines*, who were waiting for their direct appeals to be prosecuted to a conclusion.

The commissioner argues that the petitioner's prejudice argument must fail because the petitioner must make an actual showing of prejudice before being entitled to habeas relief. The commissioner claims that *Gaines* supports the proposition that the weight placed on the prejudice factor depends on the context of the case. "As a general rule, it may well be appropriate to attach special weight in the *Barker* . . . matrix to the absence of demonstrated prejudice, particularly when the relief that is sought is dismissal of all outstanding criminal charges. Nonetheless, in the final analysis, the role of prejudice must depend upon the entire context in which the claim for relief is presented."[3] Id., 524. It

---

[3] The commissioner claims that the petitioner's claim fails because it is based on a factual premise that is not supported by the record. The commissioner maintains that the "habeas court did not 'preclude' or 'bar' the petitioner from presenting any evidence he so desired regarding his claim of appellate delay. The record reflects that the petitioner's habeas counsel asked a number of questions of the petitioner [at trial] regarding his appeal prior to [the commissioner's] counsel interjecting." In fact, there are eight pages of transcript from the habeas trial in which the petitioner's counsel asked the petitioner about his appeal. After this examination, the record shows that the commissioner's attorney requested an offer of proof on the petitioner's claim to his appeal rights. Moreover, the record also reflects that the court considered the petitioner's appellate delay claim further by expressing its skepticism and disagreement regarding the petitioner's ability to prevail on the claim. On the basis of this, the commissioner argues that there is no merit to the petitioner's claim that the habeas court

is clear from the record that the court understood that the delay had occurred but, following *Gaines*, afforded this aspect of the *Barker* factors the appropriate weight because, in fact, the petitioner suffered no prejudice.

The judgment is affirmed.

In this opinion the other judges concurred.

"precluded" or "barred" questions related to his appellate delay. In light of the result we reach, we need not decide this issue.